UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GARY ALBERT, ET AL<br>  PLAINTIFF | CIVIL ACTION NO. 04-1611 |
| VERSUS | SECTION "C" |
| PEAVEY COMPANY<br>(now CONAGRA FOODS, INC.)<br>  DEFENDANT | JUDGE HELEN G. BERRIGAN<br><br>MAGISTRATE "3" |

### ORDER AND REASONS

Before the Court is ConAgra's Motion for Reconsideration[1] of the Court's January 30, 2007 order, which granted class certification for the purposes of liability only, and set the boundaries at a maximum radius of 1 mile from the elevator operation by Peavey Company.[2] After a review of the record, the motions, and the memoranda, the Court DENIES defendant ConAgra's Motion for Reconsideration.

### BACKGROUND

This proposed class action arises from a nuisance claim by plaintiffs alleging that grain dust emissions from the St. Elmo Terminal Elevator, in Paulina, Louisiana, caused property damages to residents in the surrounding area. Plaintiffs allege that the defendant was negligent in failing to prevent the emissions of grain dust when loading and unloading grain at the facility.

---

[1] Fed. Rec. Doc. 58
[2] Fed. Rec. Doc. 57.

1

Defendants allege that the elevator operations incorporate proper dust suppression systems. In addition, defendants allege that the Louisiana Right to Farm Law, La. Rev. Stat. § 3:3601-07, precludes any nuisance action against the facility when it is operated in accordance with generally accepted agricultural practices. Plaintiffs argue that negligence would abrogate the immunity provided by the Louisiana Right to Farm Law.

The Court granted certification for liability only, and ordered the parties to "meet with the Magistrate Judge to revise the Case Management Order to provide deadlines for discovery and filing of motions regarding the applicability of the Louisiana Right to Farm Law."[3]

**ANALYSIS OF THIS CASE**

Here ConAgra argues for reconsideration of the one-mile boundary, requesting that it be reduced to three-quarters of a mile, because they will need to conduct significant discovery on each potential class member, identifying the date they built or moved into their homes. ConAgra argues that this manner of discovery is the only way to determine whether the Right to Farm Law applies to eliminate any class member's nuisance claims.

Plaintiff Albert argues against resetting the boundary in its response, although it requests a limited reconsideration to redefine the geography "to include all properties which fall within a radius of one mile, either entirely or partially."[4] Plaintiff argues that liability under the Louisiana Right to Farm Law is dependant upon whether the Defendant operated the facility in accordance with industry standards. Plaintiff also argues that should it be determined the Defendant did not operate within industry standards, the Louisiana Right to Farm Law will not be an issue. If the Defendant's operation did not violate industry standards, then the burden of discovery will be upon Plaintiffs.

The Court reiterates its position that the Right to Farm Law is a key issue in this case, and that addressing the liability issues, specifically the applicability and impact of the Louisiana Right to Farm Law, La. Rev. Stat. § 3:3601-07, is the most expedient way to proceed.

---

[3] Fed. Rec. Doc. 57.
[4] Fed. Rec. Doc. 59.

**CONCLUSION**

     Having reviewed the record and memoranda, the Court finds that the one-mile boundary is sufficient for the purposes of going to the merits of this case, specifically the issue of whether the Louisiana Right to Farm Law applies. Accordingly, **IT IS ORDERED** that Defendant's Motion for Reconsideration is **DENIED**. **IT IS FURTHER ORDERED** that Plaintiff's Motion to Partially Redefine the Geographical Boundary is **DENIED**.[5]

     **IT IS FURTHER ORDERED** that the Parties meet with the Magistrate Judge to revise the Case Management Order to provide deadlines for discovery and filing of motions regarding the applicability of the Louisiana Right to Farm Law.

New Orleans, Louisiana this 13th day of March, 2007.

                                            HELEN G. BERRIGAN
                                            U.S DISTRICT JUDGE

---

[5] Once the issue of the applicability of the Louisiana Right to Farm Law is resolved, the geographic boundaries can be revisited if necessary.