# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GARY ALBERT, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 04-1611** |
| **PEAVEY CO. n/k/a CONAGRA FOODS, INC.** | **SECTION "C" (3)** |

## ORDER AND REASONS

Before the Court is plaintiffs' Motion for Reconsideration and/or New Trial (Rec. Doc. 98.)  On February 6, 2009, this Court granted defendant's Motion for Summary Judgment and held that the Louisiana Right to Farm Law barred plaintiffs' claim.  (Rec. Doc. 97).  Plaintiff requests the court clarify its ruling on defendant's Motion for Summary Judgment in particular as to whether the ruling applies to those plaintiffs who acquired an interest in their land before October 15, 1978.[1]  Defendant argues that the claims of all plaintiffs, except for one, were dismissed by virtue of the order because either 1) their interest in the land arose after October 15, 1978 or 2) the record lacks evidence documenting their interest in the land prior to October 15, 1978.

---

[1] Plaintiffs seem to imply by use of the term "sub-class" that there is still a viable class of plaintiffs in this case. The Court reminds the parties that on January 30, 2007, this Court certified the class for the limited purposes of addressing liability issues implicated by the Louisiana Right to Farm Law, La. Rev. State. §3:3601-07 and provided a class definition.  (Rec. Doc. 57.)  Although the class definition specifically divided the plaintiffs into two groups, those who acquired their interest in the land before October 15, 1978 and those who acquired their interest afterwards, it did not purport to create a class beyond the purpose for which it was certified, namely applicability of the Right to Farm Law. (Id.)

To clarify, the Court's Order granting the defendant's Motion for Summary Judgment applied only to those plaintiffs who acquired their land after October 15, 1978. The Louisiana Right to Farm Law states:

> A. The legislature hereby declares that persons who are engaged in agricultural operations in accordance with generally accepted agricultural practices should be protected from legal actions brought by persons who subsequently acquire an interest in any land in the vicinity of the agricultural operation.
>
> B. No agricultural operation shall be deemed to be a nuisance in any action brought under the provisions of Civil Code Article 669, R.S. 33:401, R.S. 40:14, or any other grant of authority authorizing the suppression or regulation of public or private nuisances if:
>
> (1) The agricultural operation is conducted in accordance with generally accepted agricultural practices; and
>
> (2) Either:
> (a) The person bringing the action acquired the interest in the land or improvements alleged to be affected by the nuisance after the date on which an agricultural operation was in existence; or
> (b) The agricultural operation was established prior to any change in the character of the property in the vicinity of the agricultural operation.
> LA R.S. 3:3603

The statute provides immunity to agricultural operations only for nuisance actions initiated by individuals who "subsequently acquire an interest in the land." LA R.S. 3:3603(A). According to plaintiffs, 11 plaintiffs acquired their interest before October 15, 1978. (Pltfs. Opp. Ex. G, Rec. Doc. 83).

Thus, the Right to Farm Law does not apply to plaintiffs who acquired their interest before October 15, 1978, even if defendant operated the grain elevator under "generally accepted agricultural practices." *See Trosclair v. Matrana's Produce, Inc.*, 717 So.2d 1257, 1259 (La. App. 5 Cir. 1998)(Daley J., concurring)(reasoning that the statutory immunity does not prevent nuisance claims by a pre-existing occupant). For all other plaintiffs, i.e. those who acquired their

interest in the land after October 15, 1978, for all of the reasons stated in the Court's February 20, 2009 Order, the Court finds that their claims are barred by the Louisiana Right to Farm Law.

Defendant argues that this Court should clarify that its February 20, 2009 Order actually dismissed all plaintiffs who could not prove their interest arose prior to October 15, 1978. Such an interpretation is far broader than the Court's actual opinion, which focused solely on the legal issue of whether the Right to Farm Law immunized defendant against plaintiffs' claims.

Accordingly,

**IT IS ORDERED that plaintiffs' Motion for Reconsideration and/or a New Trial (Rec. Doc. 98.) is GRANTED and the Court hereby CLARIFIES that the Court's February 20, 2009 Order granting summary judgment in favor of the defendant only applies to those plaintiffs who acquired their interest in the land after October 15, 1978.**

New Orleans, Louisiana, this 27th day of March, 2009.

_____
**HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE**